## Smith *v.* W. U. Telegraph Co., Appellant.

*Telegraph company—Delay in delivering money—Damages.*

While, in an action for the breach of a contract to pay money for a special object which was known to the party agreeing to make the payment, damages directly and naturally resulting from the breach, and therefore supposed to have been in contemplation of the parties, may be recovered in addition to interest, yet such damages must be shown by the evidence.

In a case of unintentional delay in the delivery of money by a telegraph company whereby plaintiff's note was protested, there can be no recovery for a mere loss of credit by reason of the protest, without showing pecuniary loss as a consequence of the protest. The rule in the case of refusal of a bank to pay a customer's check where his deposit is sufficient to meet it, does not apply.

Argued April 5, 1892. Appeal, No. 241, Jan. T., 1892, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1888, No. 604, on verdict for plaintiff, Thomas C. Smith. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, and HEYDRICK, JJ.

Trespass for failure to deliver money promptly.

The material facts appear by the opinion of the Supreme Court. Plaintiff testified that he told the clerk, who took the message between ten and eleven o'clock on Sept. 17, in New York, that he wanted to send on $100 to the Phila. Nat. Bank to meet a note. The clerk said: "At the outside it shouldn't take more than an hour to be delivered from the time of sending." There was no proof of special damages.

Defendant's point, refused, was as follows:

"2. Under all the evidence in this case, even if the jury find the defendant was guilty of negligence, the verdict should not exceed the amount of the charges paid by plaintiff, together with interest upon the sum of $100 until it was actually paid." [1]

The court charged as follows, by BIDDLE, J.:

"And it is for the injury to his credit, caused by this note having been protested on Saturday and paid on Monday, which he considers he is entitled to receive something for; and that is the question for you to decide. If you think his

credit was injured that way, he is entitled to a verdict at your hands for whatever damages you think he sustained." [2]

*Errors assigned* were (1, 2) instructions, quoting point and charge.

*Silas W. Pettit*, with him *John R. Read* and *H. B. Gill*, for appellant.—Exemplary damages arise where there is willfulness or maliciousness or wanton negligence : Nagle v. Mullison, 34 Pa. 48; Phila. Traction Co. v. Orbann, 119 Pa. 37.

Measure of damages for failure to pay money is amount of money with interest agreed upon : Guy v. Franklin, 5 Cal. 4, 16 ; Loudon v. Taxing Dist., 104 U. S. 771; N. O. Ins. Co. v. Piaggio, 83 U. S. 378; Chicago v. Tebbetts, 104 U. S. 120; Thayer v. Hedges, 23 Ind. 141; Wood v. Bullens, 6 Allen, 516; Richards v. Citizens' Nat. Gas Co., 130 Pa. 37 ; Eckel v. Murphy, 15 Pa. 488.    That a different rule applies to a bank is on the ground of public policy : Patterson v. Bank, 130 Pa. 419.    No such reason exists in this case.

While a refusal to perform might justify, yet the failure of an honest attempt to perform ought not to require, the imposition of damages where none exist.

In ordinary cases the plaintiff cannot recover for a mere loss of credit, unless immediately connected with some tangible pecuniary loss of which it is the cause : Eckel v. Murphy, 15 Pa. 488.

Only the damages directly caused by the delay of a telegraph company can be recovered; there must be proof of actual loss : W. U. Tel. Co. v. Hall, 124 U. S. 444.

*N. Dubois Miller*, with him *John Sparhawk, Jr.*, and *Biddle & Ward*, for appellee.—Where a telegraph company is charged with knowledge of the purpose of the sender, it becomes liable for all damages reasonably following from its failure to perform.    And the jury may give substantial damages: Manchester & Oldham Bank, Ltd., v. Cook & Co., 49 L. T., N. S. 674; Hey v. Wyche, 2 G. & D. 569; Renihan v. Wright, 125 Ind. 536.

Protesting note by bank where there is money on deposit is itself an injury for which damages may be recovered: Marzetti v. Williams, 1 B. & A. 415; Rolin v. Steward, 14 C. B.

595; Birchall v. Bk., 15 W. N. 174; Patterson v. Bank, 130 Pa. 419.

Loudon v. Taxing District, 104 U. S. 771, does not apply to a case where the undertaking is to pay money for a specific purpose.

OPINION BY MR. JUSTICE McCOLLUM, October 3, 1892.

On Saturday the 17th of September, 1887, the appellant received from the appellee at its office in New York one hundred dollars to be paid to the Philadelphia National Bank and one dollar and forty cents for its services in making the transfer. It appears from the evidence produced on the trial that the Philadelphia Bank held the appellee's note for $87.25 which was payable on that day, and that his object in arranging the transfer was to make provision for its payment at maturity. The note was not paid on Saturday, and was duly protested. On the following Monday the bank was notified of the transfer order and to call at the Philadelphia office of the appellant and receipt for the money, but this notice was received after the appellee, being informed of the protest, had taken up the note. The appellant then paid to the appellee the sum it had received from him on Saturday to be paid to the bank. On the 22d of December, 1888, the appellee brought this suit against the appellant to recover damages for its failure to pay the money to the bank on the 17th of September, 1887, and on the trial obtained a verdict for $1,000 which the court reduced to $500.

The appellee contended and the court below held that the protest of his note was an injury to his credit for which he was entitled to such damage as the jury might think he sustained, although he failed to show any pecuniary loss as a consequence of it. We think that upon the undisputed facts this view was erroneous. As the note was protested on Saturday and paid on Monday with an explanation of the cause of delay in payment, there was no impairment of his credit at the bank, or room for an inference that it was affected elsewhere. There was nothing shown to justify an allowance of punitive damages, or substantial damages resulting from a loss of credit. The ordinary measure of damages for breach of a contract for the payment of money is the lawful interest thereon from the time of default, and the cases in which a larger sum is recover-

able are exceptional. It is true that in an action for the breach of a contract to pay money for a special object which was known to the party agreeing to make the payment, damages directly and naturally resulting from the breach and therefore supposed to have been in contemplation of the parties, may be given in addition to interest, but such damages must be shown by the evidence. It is also true that a bank which refuses to pay the check of its customer when his deposit is sufficient to meet it may be held for substantial, without proof of special, damages: Patterson v. Marine National Bank, 130 Pa. 419. It is contended by the appellee that the case at bar falls within the principle of the case cited, but we think there is a broad and substantial distinction between them. The powers, privileges and duties of a bank and its relations to the business transactions of the commercial world are essentially different from those of a telegraph company. Banking institutions are indispensable agencies in these transactions, and it is a wise policy which exacts from them fidelity to and a prompt performance of their agreements with their depositors. A bank's refusal to pay on demand the check of its depositor who has a sufficient fund with it for that purpose is not like the unintentional delay of an individual or a corporation in the fulfillment of a contract to pay the debt of another, and a measure of damages appropriate to the first case is not necessarily applicable to the second.

We think that this case is not governed by Patterson v. Marine National Bank, supra, but that it belongs to the class first mentioned as an exception to the general rule respecting damages for the breach of a contract for the payment of money. The rule laid down in Eckel v. Murphy, 15 Pa. 488, in reference to the injury inflicted by a loss of commercial credit, is applicable to the case at bar. In that case as in this the alleged loss of credit was attributed to the protest of a note.

We have considered the case as the parties have presented it to us without reference to the terms and conditions to which the receipt given by the appellant to the appellee on the 17th of September was expressly made subject, and which were printed thereon.

In conformity with the views expressed herein the specifications of error are sustained.

Judgment reversed and venire facias de novo awarded.