ALEXANDER HOULD v. JOHN P. SQUIRE & CO. (A CORPORATION).

Argued November 1, 1910—Decided March 16, 1911.

Under section 53 of the Corporation act of 1896, a corporation of this state, after dissolution, may be sued for a cause of action in tort arising before such dissolution; and process in such a suit may be served on the registered agent of such corporation.

On rule to show cause why service of summons should not be set aside.

Before Justices REED, PARKER and BERGEN.

For the plaintiff, *McDermott & Enright*.

For the defendant, *Lewis Starr*.

The opinion of the court was delivered by

PARKER, J. The question to be determined is whether a summons in an action of tort against a corporation of this state, issued after the dissolution of such corporation, was lawfully served; which in this case involves the question whether such summons could be served at all, and the still broader question whether an action of tort will lie against a corporation of this state that has been legally dissolved, or against anyone so as to charge the assets of such dissolved corporation.

The suit is based on an alleged cause of action in tort, arising in New Hampshire in 1908. Defendant at that time was a corporation of New Jersey having its principal office in this state in Jersey City, and its registered agent thereat, as required by section 43 of the Corporation act (*Pamph. L.* 1896), was a trust company of this state organized for that purpose. The first summons in this suit, however, was not issued until September 28th, 1910. In the interim a voluntary dissolution of the defendant corporation had taken place, pursuant to sec-

tion 31 of the same act. The certificate of such dissolution was filed August 2d, 1910, and duly published, and no question is raised as to the regularity of this proceeding. When the sheriff went to serve the summons on the registered agent, he was informed by one McLaren, the office manager, of the dissolution, but undertook to serve the paper notwithstanding such information. The matter was presented on this state of facts at the November, 1910, term of this court, and on agreement of counsel was held over to permit plaintiff to attempt service of an alias summons on the resident director of the corporation, who was the same McLaren already mentioned. He again rejected the service on the ground that he had resigned as a director. In point of fact his resignation had been sent in to his fellow members of the board of directors who undertook to accept it at a meeting on November 5th. The second writ was handed to him on November 3d. The attack is on both writs.

There can be no doubt that if the proceeding for dissolution had not taken place, the first service was good. But it is argued that the dissolution revoked all agency of the registered agent, and that in fact it defeated any remedy in tort against the corporation itself.

By sections 54 and 55 of the act it is provided that upon dissolution the directors shall be trustees to "settle the affairs" of the corporation, collect its debts and realize on its assets; and may sue for and recover debts and property by the name of the corporation, and shall be suable by the same name or in their own names or individual capacities, for the debts owing by said corporation, &c.

Section 56 provides for the appointment of receivers, if necessary, for similar purposes. These sections manifestly have the effect of continuing a *quasi*-corporate existence at least for the purpose of ordinary liquidation. It is argued, however, that claims against the corporation arising out of torts are not included therein. Conceding this for present purposes, we still think that section 53 is broad enough to give plaintiff a standing under his writ. That section provides that "all corporations, whether they expire by their own limitation or be annulled by the legislature or otherwise dissolved, shall be

continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established." It appeared first on our statute books as section 42 of the Manufacturing Corporations act of 1846 (*Rev. Stat.*, *pp.* 142, 150), where the existence was continued for three years only after dissolution; secondly, as section 38 of the act of 1849, relating to companies for manufacturing and other purposes (*Pamph. L.*, *pp.* 300, 308), in which the term is extended to five years, consequently it antedates by over a quarter of a century sections 54 and 55, which seem to have been first enacted in 1875. The general object of section 53, as evident from its language, indicates that it is remedial in character; and this indication is confirmed by the extension of the three-year period to five years and then indefinitely. Hence, the section must be liberally construed. Examining it in the light of this rule, we think that the words "prosecuting suits by them" must be held to mean all suits of whatever character, and whether pending at the time of dissolution or necessary to be commenced afterwards in order to enforce a right then existing in the corporation; and, conversely, the words "defending suits against them" mean suits at law or in equity, in contract or tort, or of what nature soever, and whether begun before or after dissolution. To hold otherwise would enable a corporation to defeat valid causes of action for heavy damages by the simple expedient of dissolution and organization of a new corporation taking over the assets of the old one.

Our view is confirmed by the provisions of the act of 1898, page 410, requiring the name and address of the registered agent authorized to receive service of process to appear on every certificate, report or statement required by law to be filed by any corporation, foreign or domestic. The certificate of dissolution was included in and was one of those meant by this language; and the defendant in fact did, on dissolution, file such a statement designating the aforesaid trust company as its agent on whom process might be served.

We conclude, then, that by the terms of our Corporation act, corporations of this state are suable in tort after and notwithstanding dissolution, on causes of action theretofore arising; and that in such case service of process on the registered agent is a valid service if made in the manner provided by law. Hence, the first service brought up by this rule was legal, and that rule should be discharged, with costs. This makes it unnecessary to determine the question raised under the second rule, with regard to service on the director. Counsel can doubtless agree upon a suitable disposition of that rule.