## LANING v. NATIONAL RIBBON & CARBON PAPER MFG. CO.

### No. 2232.

District Court, N. D. Illinois, E. D.

June 6, 1941.

Gordon F. Hook and Wilkinson, Huxley, Byron & Knight, all of Chicago, Ill., for plaintiff.

Moses, Kennedy, Stein & Bachrach, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiff filed his petition praying for a declaratory judgment decreeing title to certain patents and trade marks to be in him. Defendant answered and the case has been submitted upon the evidence heard at the trial.

Plaintiff derived his alleged title by a purported assignment from the Continental Carbon Corporation. This corporation, prior to the attempted assignment, had been dissolved by decree of the Superior Court of Illinois and the question

presented is whether the corporation was still alive for the purpose of winding up its affairs. The effect of a dissolution of a corporation, in the absence of a statute continuing its existence, is discussed in Life Association of America v. Fassett, 102 Ill. 315. In that case the court said (page 323):

"Upon the dissolution or civil death of a corporation, all its real estate, by the strict rule of the common law, reverts to the original owners or their heirs, and all its personal estate vests in the Crown, in England, and the State here, and all debts due to or from it are by operation of law extinguished. Angell & Ames on Corporations, 195.

"Equity, however, views the matter in quite a different light. In equity the corporation is regarded as a trustee holding the corporate property for the benefit of its creditors and shareholders, which, upon its dissolution or civil·death, a court of chancery will lay hold of as a trust fund, and distribute for their benefit. With a view of mitigating the rigor of the common law with respect to the effects of a defunct corporation, the legislature of this and most, if not all, of the other States of the Union have, by appropriate legislative enactments, provided for a just and equitable distribution of their assets in cases of insolvency, or sudden dissolution from any cause, and our own act on the subject contains a provision which in express terms extends their corporate existence two years from the date of their dissolution, for such purpose. Sections 10 and 25, chap. 32, Rev.Stat."

Further in the course of its opinion the court said, (page 325):

"It is not denied, or even questioned, that by the common law a corporation which has been dissolved absolutely, for all purposes whatsoever, stands upon the same footing as a dead person with respect to any power in the courts to enter a valid judgment against it. In the absence of any statutory provisions on the subject, the manifest logic and reason of the thing is the same in both cases. Much the largest portion of the authorities on this subject relate to natural·persons, and it is to be regretted they are anything but harmonious.

"Much of the confusion and uncertainty which prevail in the authorities on this subject is attributable, doubtless, to the fact that courts, in jurisdictions where the common law system obtains, in attempting to follow the adjudications of other courts, have failed to distinguish the cases resting on purely common law grounds from those resting, in whole or in part, upon statutes modifying the common law."

In the Fassett case the question was as to the effect of a judgment rendered against the corporation after its dissolution. The doctrine of the Supreme Court of Illinois that, in the absence of some statutory provision to the contrary, the dissolution of the corporation is equivalent to death in the case of a natural person is the general rule. See 19 C.J.S., Corporations, § 1727, p. 1485 and cases there cited.

In Illinois at the time of the decision in the Fassett case there was a statute, Ill.Rev.Stat. Chap. 32, §§ 10 and 25, which extended the existence of a dissolved corporation for two years from the date of dissolution for the purpose of winding up its affairs. The Business Corporation Act of 1933 of the State of Illinois omitted this provision. The only provision for extending the life of the corporation in this act is found in Smith-Hurd Stat.Ill. Chap. 32, § 157.94, wherein it is provided that the dissolution of the corporation "shall not take away or impair any remedy given against such corporation, its directors, or shareholders, for any liability incurred prior to such dissolution if suit thereon is brought and service of process had within two years after the date of such dissolution."

It seems to me quite evident that the Legislature intended that the decree dissolving the corporation should terminate its existence absolutely except for the purpose of enabling a creditor to maintain an action against it.

In my opinion the Continental Carbon Corporation was not in existence after May 11, 1939, and the purported assignment of the patents and trade marks to plaintiff was a nullity.

Defendant has filed a counterclaim in which it prays that the court may find that, as a result of certain purported assignments of the patents and trade marks by Continental Carbon Corporation to defendant before its dissolution that defendant is the owner thereof. I do not think the court should in this case decree the title to be in defendant. If the Continental Carbon

Corporation was in existence it would be a necessary party to such an action. As it is out of existence those who became the owners of its property after dissolution are necessary parties.

The complaint and the counterclaim should be dismissed and an order accordingly will be entered.