**BEASLEY v. FOX et al.**

No. 9795.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 15, 1948.
Decided Feb. 28, 1949.

Mr. James M. Earnest, of Washington, D. C., for appellant.

Mr. P. Michael Cook, of Washington, D. C., with whom Mr. John J. Carmody, of Washington, D. C., was on the brief, for appellees.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

Fox and Phoenix Indemnity Company, appellees, sued Keystone Mutual Casualty Company, a Pennsylvania corporation, hereafter referred to as Keystone, in the District Court. While the suit was pending, although tried and awaiting findings and conclusions, Keystone was dissolved by decree of a Pennsylvania court. Thereafter Beasley, appellant, was appointed by said District Court receiver of the local assets of Keystone. He thereupon moved for an order abating the suit of Fox, et al., v. Keystone; but the court, without acting upon the motion, filed its findings and conclusions and entered a money judgment against Keystone. Later the court did hear and deny consolidated motions to vacate the judgment and abate the action. This appeal is from that order.

In Sedgwick v. Beasley, Receiver, D.C.Cir., 173 F.2d 918, a companion case to this, decided today, we hold that no right of action survived the dissolution of Keystone, none being accorded by Pennslyvania law. It is immaterial that the suit was pending at the time of Keystone's dissolution, or that it had been tried and was awaiting final decision and judgment. The appellees contend that dissolution and appointment

of a liquidator did not have the effect of abating the action because neither the decree, nor statute, in terms so provided. This argument ignores the settled law as stated in Sedgwick v. Beasley, supra, that dissolution of a corporation terminates right of litigation unless preserved by law of the incorporating state, just as death of a person ends all right of action against him. Accordingly we must reverse the action of the District Court and remand the cause with directions to enter an order to vacate the judgment and abate the suit.

It is so ordered.