**NEWMARK v. ABEEL et al.**

United States District Court
S. D. New York.

March 3, 1952.

Morris Newmark, pro se.

Lowe, Dougherty, Hart & Marcus, New York City, for defendants Eastern Cutter Corp. and L. T. S. Cutter Corp.

Lowe, Dougherty, Hart & Marcus, New York City, for defendant Tool Sales & Service, Inc.

WEINFELD, District Judge.

The defendants Eastern Cutter Corporation, L. T. S. Cutter Corporation, and Tools Sales & Service, Inc., move to dismiss the complaint for (1) lack of personal jurisdiction, and (2) improper venue. The alleged defect that service was not made upon the proper officers of two of these corporations has been cured since the hearing on this motion.

Tools Sales & Service, Inc., and Eastern Cutter Corporation are New Jersey corporations and maintain their plants and principal offices there. L. T. S. Cutter Corporation, also a New Jersey corporation, was dissolved in 1948.[1] Service was made on the defendants in Newark, New Jersey.

---

1. The capacity of a corporation to sue or be sued in a Federal Court is "determined by the law under which it was organized." Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Since the defendants are New Jersey corporations, the effect of dissolution is dependent upon New Jersey law. Sedgwick v. Beasley, 84 U.S.App.D.C. 325, 173 F.2d 918; Beasley v. Fox, 84 U.S.App.D.C. 327, 173 F.2d 920; Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702.

Section 14:13–4 of the General Corporation Law of New Jersey, N.J.S.A., provides that all dissolved corporations "shall be continued bodies corporate for the purposes of prosecuting and defending suits by or against them * * *." Under this section, L. T. S. Cutter Corporation, even though dissolved, is subject for an indefinite period to all "suits at law or in equity, in contract or tort, or of what nature soever, and whether begun before or after dissolution." Hould v. John P. Squire & Co., 81 N.J. L. 103, 79 A. 282, 283.

994

 The complaint alleges violations of the anti-trust laws. Therefore, service of process upon the corporate defendants at their principal offices in New Jersey outside the territorial limits of this District was proper under Section 12 of the Clayton Act, 15 U.S.C.A. § 22, which permits service "in the district of which [a corporation] is an inhabitant, or wherever it may be found." See Abrams v. Bendix Home Appliances, Inc., D.C., 92 F.Supp. 633. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, certiorari denied 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573, and other cases cited by the defendant are inapplicable since they involved individual defendants.

The motion to dismiss for lack of personal jurisdiction is denied.

Section 12 also directs that venue in an anti-trust action against a corporation may be fixed "not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business * * *." See Abrams v. Bendix Home Appliances, Inc., D.C., 96 F. Supp. 3.

 Whether the defendants are "found" or "transacting business" in this district is in sharp dispute. The affidavits submitted by plaintiff relate to activities of the defendants during 1949 and earlier years. On this motion the issue is whether the defendants were "found" or "transacting business" here at the time of service of process.

It cannot be presumed that the defendants' activities continued during the interval of more than two years prior to the institution of this suit in September 1951. French v. Gibbs Corporation, 2 Cir., 189 F.2d 787, is not to the contrary. There, the defendant had engaged in substantial activities until one month before service of process and at the time of service, its activities, although reduced, had not altogether ceased.

The statements contained in the supporting affidavits that "it is my understanding that Eastern Cutter Corporation is doing business" and others of like tenor, are conclusory and unsupported by facts.

The motion to dismiss for improper venue is granted, but in view of the personal appearance by plaintiff, leave is hereby granted to move for reargument within ten days upon the presentation of additional facts as to defendants' present activities, if any, in this district. Plaintiff is directed, however, to refrain from submitting statements of defendants' alleged activities which are irrelevant on the issue of transacting business within this state.

Settle order on notice.