Douglas **STONE**, husband and Leona Stone, wife, in their own right as parents and natural guardians of Linda Stone, a minor

v.

**GIBSON REFRIGERATOR SALES CORPORATION** and Gibson Products Corporation

and

General Cable Corporation et al.

**Civ. A. No. 70–876.**

United States District Court,
E. D. Pennsylvania.

Nov. 30, 1973.

Herbert Monheit, Philadelphia, Pa., for plaintiff.

William V. Coleman, James L. Griffith, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiffs instituted this action against defendants Gibson Refrigerator Sales Corporation ("Gibson Refrigera-

tor") and Gibson Products Corporation to recover damages for personal injuries allegedly sustained as a result of a fire which occurred in their home on or about October 26, 1969. The complaint alleged that the fire was caused by an electrical breakdown in an air conditioner manufactured by Gibson Refrigerator. Defendant Gibson Refrigerator promptly joined General Cable Corporation ("General Cable") as a third-party defendant, averring that General Cable defectively and negligently manufactured the electrical wiring in the air conditioner so as to cause the fire and consequent damages alleged by the plaintiffs.

In the latter part of 1972, Gibson Refrigerator determined that the electric service cord originally thought to be manufactured by General Cable was actually manufactured by Electric Parts Corporation ("Electric Parts"). Joinder procedures were commenced and this Court, on December 14, 1972, granted leave to Gibson Refrigerator to join Electric Parts as a third-party defendant. Presently before the Court is Electric Parts' motion to dismiss the action on the grounds that the complaint fails to state a claim against the third-party defendant upon which relief can be granted.

On June 11, 1969, Electric Parts Corporation was formally dissolved pursuant to the appropriate procedures in the State of Illinois. The formal dissolution of Electric Parts took place approximately four months prior to the occurrence of the fire which gave rise to these proceedings and three and a half years before the joinder of Electric Parts as a third-party defendant in this case. The third-party defendant now contends that as a result of such dissolution there is no legal entity capable of being sued which can be identified as the Electric Parts Corporation.

■ The capacity to sue or be sued in a Federal court in the case of a corporation is determined by the law of the state under which it was organized. Fed.R.Civ.P. 17(b); Mather Construction Company v. United States, 475 F. 2d 1152, 1155 (Ct.Cl.1973); Treemond Co. v. Schering Corporation, 122 F.2d 702, 706 (3rd Cir. 1941); American Optical Co. v. Philadelphia Electric Co., 228 F.Supp. 293, 295 (E.D.Pa.1964). This Court must then determine whether the law of Illinois provides for the maintenance of a civil suit against an Illinois corporation instituted three and a half years after the formal dissolution of such corporation.

The parties involved have not cited nor has research on the part of the Court disclosed an Illinois statute which provides for the institution of suit against a corporation that has undergone final and formal dissolution prior to the occurrence of the cause of action in question. As indicated above, Electric Parts dissolved pursuant to statutory procedure on June 11, 1969. The instant cause of action did not arise until four months after the dissolution and over three years elapsed before joinder proceedings were instituted.

■ In the absence of a statutory provision to the contrary, the effect of a dissolution of a corporation is to put an end to its existence for all purposes whatsoever. See, Bishop v. Schield Bantam Company, 293 F.Supp. 94 (N.D.Iowa 1968); 19 C.J.S. Corporations § 1727 (1940). Unless preserved by the incorporating state, the dissolution of a corporation terminates all rights of litigation against that corporation. Beasley v. Fox, 84 U.S.App.D.C. 327, 173 F.2d 920, 921 (1949); Laning v. National Ribbon & Carbon Paper Mfg. Co., 40 F. Supp. 1005 (E.D.Ill.1941). In that Illinois, the state in which Electric Parts was organized and incorporated, does not provide for the filing of suit against a dissolved corporation in the present factual context, the complaint of Gibson Refrigerator against Electric Parts must be dismissed for failure to state a claim upon which relief can be granted.

It is essential to note at this juncture that there has been no suggestion or indication that the dissolution of Electric

Parts constituted a fraud or deception for the purpose of avoiding proper claims of creditors or other litigants. The dissolution was accomplished according to appropriate statutory procedures for the legitimate purpose of winding up all corporate affairs.

Accordingly, the third-party defendant's motion to dismiss will be granted.