(No. 36180.

THE PEOPLE *ex rel.* CHARLES F. CARPENTIER, Secretary of State, Appellant, *vs.* WINDY CITY MOTOR SERVICE, INC., Appellee.

*Opinion filed May 19, 1961.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, A. ZOLA GROVES, and JACK J. RUBEN, Assistant Attorneys General, of counsel,) for appellant.

D'ANCONA, PFLAUM, WYATT & RISKIND, of Chicago, (EDGAR BERNHARD, MERRILL A. FREED, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The State of Illinois appeals from a judgment of the circuit court of Cook County dismissing its suit against Windy City Motor Service, Inc., for motor vehicle license fees and taxes. The public revenue is involved. The question is whether the proceeding was commenced within two years after dissolution of the corporation as contemplated by section 94 of the Business Corporation Act. Ill. Rev. Stat. 1959, chap. 32, par. 157.94.

The relevant facts are undisputed. The defendant corporation was dissolved on January 27, 1953. On the following June 17, the present complaint was filed alleging the liability of defendant for the license fees and taxes, the amount of which is not in question. Summons directed for service upon defendant's named registered agent was issued June 18 and returned "not found" on June 30. Successive alias summonses were issued on August 17, 1953, May 5, 1954, and March 21, 1955, each of which was directed for service upon the registered agent and was returned "not found." On June 20, 1955, further summons was issued which was returned on July 5, 1955, showing service on the registered agent more than two years and five months after dissolution. It appeared by affidavit that the named registered agent had not been an actual officer, director, shareholder, employee or agent of the corporation since January 14, 1953.

Section 94 of the Business Corporation Act provides that "The dissolution of a corporation * * * shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution." (Ill. Rev. Stat. 1959, chap. 32, par. 157.94.) Prior to 1941 the relevant portion of this section preserved liability "if suit thereon is brought *and service of process had* within two years after the date of such dissolution." (Ill. Rev. Stat. 1939, chap. 32, par. 157.94.) (Emphasis supplied.) Plaintiff argues that the General Assembly, by deleting the words "and service of process had," indicated an intention to change the law so that only the institution of suit, and not the service of process, needs to occur within the two-year period. The contention appears to be sound. Defendant makes no attempt to explain what other reason there could be for the change, nor does it make any answer whatever

to plaintiff's position. Instead, the defendant contends that the service was properly quashed because the person upon whom it was had was no longer its agent and because plaintiff's efforts to obtain service fail to show reasonable diligence.

The argument based upon an absence of agency in fact cannot be accepted. In law, a duly appointed registered agent for the service of process continues as such for the purpose of proceedings brought after dissolution unless he has resigned as provided in the statute, and it is not contended that the agent in question had so resigned. Nor is there any merit in defendant's argument that plaintiff failed to show reasonable diligence. The suing out of four summonses between June 18, 1953 and June 20, 1955, is diligence enough, insofar as we can ascertain from the record in this case.

The circuit court erred in quashing service of summons. The judgment is reversed and the cause is remanded with directions to deny the defendant's motion to dismiss.

*Reversed and remanded, with directions.*