Thomas Houston, Plaintiff-Appellant, v. Richard K. Churchill, Defendant-Appellee.

Gen. No. 52,212.

First District, First Division.

September 30, 1968.

Beermann, Swerdlove and Woloshin, of Chicago (Miles N. Beermann, of counsel), for appellant.

Stern, Rotheiser & Pildes, and Jerome H. Torshen, of Chicago (Jerome H. Torshen, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order entered pursuant to a petition brought under section 72 of the Civil Practice Act, Ill Rev Stats 1967, c 110, § 72, vacating a default judgment entered against the defendant, Richard K. Churchill, in a personal injury action.

The record reveals that a complaint was filed on March 7, 1966, seeking damages for personal injuries sustained by the plaintiff as a result of a collision between the parties on July 15, 1964. Although the defendant was served with summons on April 28, 1966, no appearance was filed on his behalf. On August 12, 1966, an order of default was entered and set for prove up on September 13, 1966, on the issue of plaintiff's damages. Evidence was heard and a judgment was entered in the sum of Five Thousand Seven Hundred Dollars ($5,700) in favor of the plaintiff, Thomas Houston. An affidavit for garnishment was filed on January 30, 1967, naming Merit Mutual Insurance Company as garnishee, and summons was served on the firm on February 2, 1967.

On February 6, 1967, a sworn petition to vacate the default judgment was filed by the defendant's attorney. It was alleged therein that the defendant forwarded the summons "via defendant's insurance broker to his insurance company"; that "through an administrative error, no appearance was filed on behalf of the defend-

57

ant"; that "plaintiff's attorneys knew that defendant was represented by an insurance company"; that plaintiff filed a motion for an order of default, but did not give notice to the defendant or his insurance company; that plaintiff did not give notice to the defendant of the default judgment until well over 30 days had passed and that defendant has a good and meritorious defense to this cause. On that same day an order was entered allowing the defendant to file an amended petition setting forth an affirmative defense. On February 10, the defendant filed an affidavit setting forth his defense to the suit for damages in detail. On that day the plaintiff was given leave to file a counteraffidavit.

In the sworn counteraffidavit filed by the plaintiff's attorney, it was alleged that plaintiff had advised his attorneys that the defendant said he was insured by Merit Insurance Company; that on September 23, 1964, a notice of attorney's lien was served upon the defendant as evidenced by his signature on the return receipt; that on December 15, 1964, a second letter was mailed to the defendant; that on December 29, 1964, a letter was mailed to Merit Insurance Company requesting a response, but none was received; that on June 10, 1966, a letter was sent to defendant advising him that he had been served with summons and no appearance or answer had been filed on his behalf; that on August 12, 1966, an order of default was entered against defendant and an ex parte judgment was entered on September 13, 1966; that the plaintiff notified the Secretary of State of the unpaid judgment in order that action could be taken to revoke defendant's privileges and license plates; that on December 1, 1966, the plaintiff mailed two letters, one to the defendant and one to the Merit Mutual Insurance Company, advising them of the judgment (copies of the aforementioned letters were attached to the affidavit); that thereafter on January 13, 1967, the plaintiff's attor-

58

neys were contacted by the company's lawyer; and that on January 16, 1967, the plaintiff's attorneys were contacted by the defendant's lawyer regarding defendant's license revocation. It was alleged that the facts indicate a total lack of diligence on the part of both the defendant and the Company.

On February 16, 1967, an order was entered vacating the judgment and the cause was set for trial. It is from this order that the plaintiff appeals.

It is the principal contention of the defendant that the Court correctly vacated the default judgment because the defendant was neither given notice of the default proceedings nor was action taken against defendant or notification given to him of the default judgment until more than thirty days had elapsed from the date of its entry. The defendant contends that a petition filed under section 72 of the Civil Practice Act is addressed to the equitable powers of the court citing Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, and fairness requires that a default judgment not be enforced when it is attended by unfair, unjust or unconscionable circumstances.

■ ■ It is well settled that a plaintiff who does not notify a defendant of a default judgment stands more vulnerable to a section 72 motion. Decisions have characterized the plaintiff's failure to notify the defendant of the judgment as "casting a cloud" on the proceedings. E. g., Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE 2d 348; Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350; Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525. On the other hand, the party seeking to vacate a default judgment must show he exercised due diligence. As stated in Johnson-Olson Floor Coverings, Inc. v. Branthaver, 94 Ill App2d 394, 398, 236 NE2d 903, 905: "It is quite clear . . . that the defendant must show that his failure to defend was a result of *excusable* mistake, and

that under the circumstances he acted reasonably, and therefore not negligently, when he failed to initially resist the judgment."

The defendant, in his brief, cites a number of cases where default judgments were set aside in circumstances in which notification of the judgment was not given to the defaulted party until more than thirty days subsequent to the date of the entry of the judgment. In all of these cases, however, either the defendant had done something when he learned of the suit against him (and his conduct, while ineffective, was excusable and, under the circumstances, reasonable) or the conduct of the plaintiff was calculated to mislead the defendant. In Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350, the Supreme Court vacated a default judgment because the plaintiff's attorney, without revealing the default judgments had already been entered in the civil action, represented to the defendant's lawyer that he would not be ready to talk settlement until after the first of the year (after the thirty day period had run). In Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, the judgment was vacated only because of the unconscionable circumstances attending the prove up wherein plaintiff proved up more special damages than she had been willing to accept as full settlement from the defendant during prior settlement negotiations. The plaintiff in Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525, expressly instructed his attorney to withhold giving notice to defendant's insurance company for about four months. The facts in Stehman v. Reichhold Chemicals, Inc., 57 Ill App2d 40, 206 NE2d 299, indicate that the parties had been cooperating with each other in regard to attaching liability for an accident to a third party; that plaintiff apparently recognized no liability on the part of the defendant and that the plaintiff waited twenty-eight months to secure a default order against defendant and waited nine weeks after the judgment to issue an execu-

tion. In both Mutual Truck Parts Co., Inc. v. Nelson, 69 Ill App2d 30, 216 NE2d 301, and Vosnos v. Wenzel, 44 Ill App2d 192, 194 NE2d 484, the defendants had filed appearances and answers, and in both cases the court clerk made an error in relating the trial data to defendant's attorney. Moreover, in both these cases, defendant's attorneys acted immediately after learning of the default judgments by filing petitions pursuant to section 72. In Detres v. Rojo, 80 Ill App2d 38, 225 NE2d 100, although plaintiff's counsel knew the defendant was seriously contesting the claim and that his counsel withdrew, he did not serve the defendant with an execution within thirty days after the entry of the default judgment. Spencer v. American United Cab Ass'n, 59 Ill App 2d 165, 208 NE2d 118, involved a defendant insured by an insurance company that had been liquidated by the State of Illinois. The defendants, upon being served, forwarded the summons and complaint to the Liquidator who had charge of the affairs and records of their defunct insurer. Default and judgment were entered within thirty-two days of the return date and the first notice thereof was received by them through garnishment proceedings filed after thirty days had elapsed from the entry of the judgment. They immediately applied to the court for relief.

The defendant in the case at bar argues that the failure to give notice of the default proceeding and the withholding of notification until more than thirty days after the entry of the default judgment attends the default judgment in this case with "unfair, unjust and unconscionable circumstances." We are not so persuaded. Indeed the contrary is true.

The petition to vacate the judgment merely alleges that the Merit Mutual Insurance Company failed to file an appearance for the defendant "through an administrative error." Not only did the Company fail to file the appearance and defend, but it proceeded to ignore the post-

judgment letter received by them. Although this letter was mailed on December 1, 1966, the Company did not contact the plaintiff until January 13, 1967, a lapse of forty-four days. It was not until the garnishment proceeding was instituted against it that the Company took steps to vacate the judgment and this was done only after sixty days had elapsed from the date of receipt of the December 1, 1966, letter.

■ ■ We are not unmindful that section 72 invokes the equitable powers of the court as justice and fairness require to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances. Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348. However, it is not intended to relieve a party from the consequences of his own mistake or negligence. Gundersen v. Rainbow Cleaners & Laundry Inc., 77 Ill App2d 268, 222 NE2d 41.

In the recent case of Johnson-Olson Floor Coverings, Inc. v. Branthaver, 94 Ill App2d 394, 236 NE2d 903, the plaintiff filed a citation to discover assets thirty days after the entry of a default judgment. The defendant had not defended against the original claim and had not consulted his attorney thinking that his pending bankruptcy relieved him of the responsibility of responding to a suit in a state court. The Appellate Court pointed out that when the defendant was served with summons he had not yet been adjudged bankrupt nor were his debts discharged. The Court held that the defendant was guilty of inexcusable negligence in that he was untrained in the law and had no right to conclude, as a matter of law, that he was immune from plaintiff's claim by virtue of the pending bankruptcy proceeding.

■ In the instant case the defendant does not attempt to show cause for ignoring the warning letters mailed to him. The Merit Mutual Insurance Company allowed forty-four days to elapse before contacting

the plaintiff's attorneys and only after a garnishment proceeding was taken against them did they concern themselves with the lawsuit and take steps to vacate the judgment. The conduct of the defendant and his insurance company negates the claim that the plaintiff's failure to serve an execution before expiration of term time prevented defendant from seeking relief within the required thirty days. Section 72 of the Civil Practice Act is not intended to relieve a defendant from the consequences of his own negligence. Till v. Kara, 22 Ill App 2d 502, 161 NE2d 363. It is our opinion that the trial court abused its discretion in vacating the judgment and is therefore reversed with directions to reinstate the original judgment.

Order reversed.

ADESKO and MURPHY, JJ., concur.