512 P.2d 52

Frank L. DUNGAN and Barbara Dungan, husband and wife; and John Cota, a minor, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PINAL; the Honorable E. D. McBryde, Judge thereof; and Wayne COLLINS, Real Party in Interest, Respondents.

No. 2 CA–CIV. 1475.

Court of Appeals of Arizona, Division 2.

July 19, 1973.

Claborne & Severyn by John L. Claborne, Tucson, for petitioners.

Healy & Beal, P. C. by William T. Healy, Tucson, for respondents.

HATHAWAY, Chief Judge.

Does a defaulted defendant have a right to participate at a hearing on application for default judgment? That is the question to which we address ourselves in this special action proceeding.

Briefly, the pertinent procedural chronology is as follows. On November 8, 1972, the default of the petitioners, defendants in a suit for personal injury, was entered. In April, 1973, petitioners filed a motion to set aside entry of default, asserting two grounds therefor, which was denied on June 11, 1973.

On June 14, 1973, a notice of hearing of application for default judgment on June 21, 1973 was filed and served upon petitioners' attorney. A motion for continuance was filed by him on June 18, 1973, alleging inadequate opportunity for discovery as to the extent of the plaintiff's injuries, stating in part:

> " . . . not only because of the trial calendar of defense counsel, but also in order that the defense attorney herein can do what discovery would be required to contest or at least legitimately and intelligently represent his clients concerning the nature and amount of plaintiff's claimed damages.

> .    .    .    .    .    .

> To properly administer a justiciable award in this case the Court should continue the hearing on the default judgment until the defendants have had an opportunity to take the deposition of Dr. Redekop and possibly have the plaintiff examined by a physician of their own choosing in order that damages can be ultimately and fairly awarded under the present state of the case."

The respondent court denied the motion for continuance on the ground that the petitioners, having been defaulted, had no right to participate in any further proceed-ings in the case. Petitioners immediately sought relief in this court and we ordered a stay of the proceedings below.

Apparently the respondent court in denying petitioners' motion for continuance was of the opinion that they were entitled to no more than the three-day notice of hearing as prescribed in Rule 55(b)(1), Rules of Civil Proc., 16 A.R.S. We do not agree. We have held that the entry of default constitutes only a judicial admission of liability and not of the amount of recovery when the claim is unliquidated. Mayhew v. McDougall, 16 Ariz.App. 125, 491 P.2d 848 (1971); Austin v. State ex rel. Herman, 10 Ariz.App. 474, 459 P.2d 753 (1969); Reed v. Frey, 10 Ariz.App. 292, 458 P.2d 386 (1969). In *Mayhew,* supra, we recognized the dual nature of default and default judgments and the right of a defaulted defendant to contest the issue of damages.

Rule 55(b)(2) provides in pertinent part: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . ."

In a suit for personal injuries, a defaulting defendant, by failing to answer, admits responsibility for the alleged injury. This admission, however, does not relieve a plaintiff from putting on proof as to the extent of his damages. It is true that the language of Rule 55(b)(2) permits the court to conduct such hearings as it deems necessary and proper with respect to determination of the amount of damages. Since we are committed to an adversary system of justice, we do not construe this rule to mean that a "hearing" ipso facto means a one-sided presentation by the party seeking the default judgment. It is well-settled in this jurisdiction that, as too setting aside default

judgments, all doubts should be resolved in favor of a trial on the merits. Campbell v. Frazer Constr. Co., 105 Ariz. 40, 459 P.2d 300 (1969); Cota v. Southern Arizona Bank and Trust Co., 17 Ariz.App. 326, 497 P.2d 833 (1972). We conceive that the same principle should apply to a hearing under Rule 55 as to the amount of damages. See Peitzman v. City of Illmo, 141 F.2d 956 (8th Cir. 1944), cert. den., 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577 (1944).

■ The language of Rule 55(b) evinces an intention to place broad discretion in the hands of the court to "conduct such hearings" as would be in furtherance of "establishing the truth of the averments" contained in the complaint. We are of the opinion that in personal injury litigation, a court, in order to get assistance in evaluating a plaintiff's claim to judgment, should exercise its discretion in favor of allowing a defendant to cross-examine and even present counterproof. In determining the extent to which counsel for a defaulting party may participate, a court may well ask itself: Can counsel for the defaulting defendant make any material contribution in aiding the trier of fact in the search for truth? Professor Wigmore had the following to say with respect to the contribution cross-examination makes in establishing where the truth lies:

> "For two centuries past, the policy of the Anglo-American system of Evidence has been to regard the necessity of testing by cross-examination as a vital feature of the law.
>
> \* \* \* \* \*
>
> \* \* \* [Cross-examination] is beyond any doubt the greatest legal engine ever invented for the discovery of truth."

5 Wigmore Evidence (3d Ed. 1940), § 1367 at pages 28–9.

■ We hold therefore that the respondent court erred in declining to consider petitioners' motion for a continuance. The cause is remanded for further proceedings not inconsistent herewith.

Relief granted.

KRUCKER and HOWARD, JJ., concur.