528 P.2d 1264

**Francis K. COOK, and Sunset Development Corporation, a Nevada corporation, Appellants,**

v..

**Arthur STEINER, Neil Rand and Steiner and Rand, Inc., an Arizona corporation, Appellees.**

**No. I CA–CIV 220I.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 12, 1974.

Rehearing Denied Jan. 13, 1975.

Review Denied Feb. 18, 1975.

Cunningham, Goodson & Tiffany, Ltd. by James P. Cunningham, James W. Ryan, Phoenix, for appellants.

Barry Allen Reiss, Phoenix, for appellees.

OPINION

OGG, Judge.

What rights do defaulted defendants have to participate in the damage aspect of a default judgment hearing? The appellants-defendants Francis K. Cook and Sunset Development Corporation present this question to us in this appeal. It is the opinion of this court that once a defaulted defendant has made a motion under the provisions of Rule 55(b)2, Rules of Civil Procedure, 16 A.R.S., it is the duty of the trial court to allow such defendant full participation on the damage issue when such damages are unliquidated.

The defendants were sued by the appellees-plaintiffs Arthur Steiner, Neil Rand,

and Steiner and Rand, Incorporated, for breach of contract. The defendants answered, but thereafter repeatedly failed to appear for scheduled depositions. The trial court granted the plaintiffs' motion to strike the defendants' answer and entered an order for a default judgment against the defendants pursuant to the authority of Rule 37(d), Rules of Civil Procedure, 16 A.R.S. The entry of the default is not contested on this appeal. Present counsel did not represent the defendants at that time. A default judgment hearing was set and at that time the defendants, then represented by present counsel, made a formal motion to enlarge the scope of the hearing relative to the damage issue under the provisions of Rule 55(b)2. The pertinent portion of that rule reads:

"2. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when required by law."

The trial judge denied defendants' motion and the defendants were not allowed to participate other than to make an offer of proof. Although the record is not clear it appears that the trial judge allowed full participation relative to the offer of proof, but abided by the prior ruling that the defaulted defendants had no standing to present evidence or participate in the default judgment.

The court heard the testimony of Arthur Steiner, one of the plaintiffs, and subsequently granted a judgment in the sum of $325,000, which was the exact damage sum prayed for in plaintiffs' complaint.

We have discovered two Arizona appellate cases dealing with the rights of a defaulted defendant under the provision of Rule 55(b)2. In the case of Mayhew v. McDougall, 16 Ariz.App. 125, 491 P.2d 848 (1971), Division 2 of this court reversed the trial court rendition of a default judgment where the defendant was not allowed to contest the damage issue at the default hearing. In so doing the court stated:

"Although Rule 55(b), Rules of Civ. Proc., 16 A.R.S., seems to speak in discretionary language, the rule is that when the amount of damages is unliquidated it is incumbent upon the court to conduct the hearing to determine the amount of damages. * * * We do, however, wish to point out that the hearing on the default judgment is a judicial hearing which calls for the exercise of judicial discretion. When damages are unliquidated, simply giving the plaintiff what he asks for may not attain that level of judicial discretion which will pass appellate muster." 16 Ariz.App. at 130, 491 P.2d at 853.

In the case of Dungan v. Superior Court of Pinal County, 20 Ariz.App. 289, 512 P.2d 52 (1973), again Division 2 of this court granted relief in a special action when the trial court refused to grant a defaulted defendant a continuance in a scheduled default judgment hearing to enable him to take the deposition of a witness and properly prepare for the 55(b)2 default hearing. The court held that when damages are unliquidated the trial court should exercise its discretion in favor of granting such a 55(b)2 hearing and that the defendant should be allowed to cross-examine witnesses and present counterproof. In the opinion the court stated:

"It is true that the language of Rule 55(b)2 permits the court to conduct such hearings as it deems necessary and proper with respect to determination of the amount of damages. Since we are committed to an adversary system of justice, we do not construe this rule to mean that a 'hearing' ipso facto means a one-sided presentation by the party seeking the default judgment. It is well-settled in this jurisdiction that, as to setting

aside default judgments, all doubts should be resolved in favor of a trial on the merits. [Citations omitted]. We conceive that the same principle should apply to a hearing under Rule 55 as to the amount of damages. See, Peitzman v. City of Illmo, 141 F.2d 956 (8th Cir. 1944), cert. den., 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577 (1944)." 20 Ariz.App. at 290, 512 P.2d at 53.

From the brief record before us, it appears that the value of the stock, claimed as damages by the plaintiffs, was highly speculative. Plaintiffs claimed that the defendants failed to deliver 130,000 shares of stock in payment for their services in setting up a merger between Sunset Development Corporation and Beaver Valley Development Company. Defendants' damages for breach of contract were based upon the value of the 130,000 shares of stock they never received. In our opinion the damages in this case were unliquidated and the trial court should have granted defendants' motion for a 55(b)2 hearing. Sunset Development Corporation was a non-operating inactive corporation having no assets and no business operations. Beaver Valley Development Company declared bankruptcy soon after the agreement was made. There is also a real fact question as to whether there was a completed merger of these two corporations. If the merger was not accomplished the plaintiffs may not be entitled to any damages.

It is not proper for us to attempt to rule on the fact questions in this opinion and we state them only to illustrate that this is a case in which a full-scale hearing, under the provisions of Rule 55(b)2 should be held. The defendants should be allowed full participation in the hearing to determine what, if any, are the proper damages to be awarded to the plaintiffs in this case.

The default judgment is set aside and the case is remanded for a further default judgment hearing pursuant to the directions given in this opinion.

DONOFRIO, P. J., and STEVENS, J., concur.