THERESA WESTPHALL, a Minor, by Ronald Westphall, her Father and Next Friend, Plaintiff-Appellant, *v.* TRAILERS, CAMPERS, CAMPGROUNDS, INC., Defendant-Appellee.

Second District   No. 78-417

Opinion filed July 13, 1979.

Melvin E. Dunn and Mark E. Heimsoth, both of Elburn, for appellant.

Thomas C. Dudgeon, of O'Reilly and Cunningham, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Theresa Westphall, a minor, by Ronald Westphall, her father and next friend, appeals from an order entered pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) vacating a default judgment which had previously been entered in plaintiff's favor.

Plaintiff was injured on July 26, 1974, as a result of a fall at a campground at Whitewater Lake, Wisconsin, owned by defendant, Trailers, Campers, Campgrounds, Inc., an Illinois corporation. Plaintiff's father notified defendant's insurance carrier, C.N.A. Insurance Group, of her claim on September 25, 1974, as did her attorney on January 8, 1975. C.N.A. denied liability and plaintiff thereafter filed this action on July 8, 1976. Summons was issued to the sheriff of Du Page County for service on Daniel F. Ligocki, who was the registered agent of defendant corporation, and also its president and treasurer. The sheriff filed his return on July 21, 1976, stating Ligocki could not be found (defendant's registered office in Du Page County had been closed in February 1975). On August 20 plaintiff employed a private investigating firm to locate Ligocki and on November 19 was advised it was also unable to do so. Plaintiff thereupon caused an alias summons to be served upon the Secretary of State on March 14, 1977, pursuant to section 13 of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.13).

Defendant failed to file an answer or otherwise appear in the case and, on September 1, 1977, a notice and motion for entry of a default judgment and for prove-up of damages was served upon the Secretary of State, and also mailed to Ligocki at the address of the registered office, notifying defendant that the matter was set for hearing on October 5, 1977. On October 4 plaintiff's attorney received a telephone call from a Dennis Buyer, who represented himself as defendant's attorney, and requested a postponement for the purpose of allowing defendant's insurance company to become involved in the litigation. Plaintiff's counsel agreed to do so. However, over the next 14 days plaintiff heard nothing from defendant, attorney Buyer or defendant's insurer, nor was an answer

or appearance filed on defendant's behalf in the trial court. On October 18, therefore, plaintiff delivered notice of a rescheduled October 24 hearing date of the motion for default judgment to the Secretary of State and again mailed notice to Ligocki at the defendant's registered office. On October 24 the trial court found defendant had been given due notice and had failed to appear or otherwise plead and, after hearing the testimony of witnesses on the question of damages, entered a default judgment against defendant in the amount of $15,000.

Fifty days later, on December 13, plaintiff sent a letter to C.N.A. advising it of the judgment against its insured and demanding payment. There was no response made to this letter until January 16, 1978, at which time a representative of C.N.A. telephoned plaintiff's attorney and stated he would call back the next day, but did not do so. Thereafter, on February 7, plaintiff filed an affidavit for nonwage garnishment of funds in the possession of C.N.A. in which defendant had an interest. On the next day defendant's present counsel (not Buyer) filed the petition to vacate the default judgment.

In its petition, supported by affidavits, defendant alleged that service of summons on the Secretary of State on March 14, 1977, was improper as defendant corporation had formally dissolved prior to that time on December 1, 1976. Defendant alleged that it first received knowledge of the suit on October 1, 1977, when Ligocki received a copy of plaintiff's motion for a default judgment to be heard on October 5. Defendant further alleged that the agreement between attorney Buyer and plaintiff to continue the matter pending the entry of C.N.A. into the case was not limited to any specific time that the motion for default would be postponed. It also stated C.N.A. attempted to locate its file on this matter but was unable to do so despite a diligent search and that plaintiff was not entitled to proceed to a default judgment on October 24, 1977, without first notifying attorney Buyer or C.N.A. of its intention to do so. While the record does not disclose the basis for the trial court's decision, it granted defendant's petition to vacate the default judgment, and plaintiff appeals.

Plaintiff contends first that the trial court abused its discretion in granting the section 72 petition because defendant failed to exercise due diligence in presenting its defense to this action. We agree and reverse.

■■ ■ To warrant relief under section 72, a petitioner must plead and prove the existence of a meritorious claim or defense and the exercise of due diligence both in presenting the claim or defense and in seeking relief from the judgment. (*Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.) With regard to diligence in presenting a defense, the defendant must show that his failure to defend was a result of excusable mistake, and that under the circumstances he acted reasonably, and not negligently, when he failed initially to resist the judgment.

(*Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903; *Chase v. Cummingham* (1978), 64 Ill. App. 3d 54, 381 N.E.2d 27.) The granting of relief on a section 72 petition lies within the sound discretion of the trial court, and on review its judgment will be disturbed only where there has been an abuse of that discretion.

Defendant contends it failed to defend against the judgment because it was not given notice of the default proceedings which occurred on October 24, 1977. It argues that after agreeing with Buyer to continue the hearing on the motion for default judgment, so that C.N.A. might be brought into the case, plaintiff returned to the trial court only 20 days later and obtained the default judgment. Defendant argues that plaintiff moved too quickly to reschedule the hearing and also failed to directly notify Buyer or C.N.A. of the new hearing date; that merely sending notice to Ligocki and the Secretary of State was inadequate.

■■ While the affidavits of plaintiff's counsel and Buyer dispute whether the hearing for judgment was to be postponed for only a "short date" or "no specific time," we believe that after 20 days had passed without any contact from defendant, plaintiff justifiably proceeded as she did to default judgment. Neither defendant nor any attorney on its behalf entered an appearance in the trial court nor did defendant or any representative contact plaintiff after the postponed hearing until January 16, 1978, some 3½ months after the first setting of the hearing. Certainly the telephone call from Buyer could not act to forestall plaintiff from proceeding with the case as she did here.

■■■ Moreover, the notice of the October 24 hearing afforded defendant was quite proper. A corporation's registered agent for the service of process continues as such for the purpose of proceedings commenced within two years after dissolution unless he has resigned as provided by statute (*People ex rel. Carpentier v. Windy City Motor Service, Inc.* (1961), 22 Ill. 2d 209, 174 N.E.2d 839), and it is not contended that Ligocki ever resigned. Thus, when Ligocki could not with reasonable diligence be located initially for service of summons at defendant's registered office, the Secretary of State then became irrevocably appointed as an agent of defendant for service of process (Ill. Rev. Stat. 1975, ch. 32, par. 157.13), and plaintiff properly proceeded to serve summons and notice of the October 24 hearing on the Secretary of State. In addition, plaintiff took the further, unrequired step of mailing a copy of the notice of the October 24 hearing to Ligocki at defendant's registered office; that same procedure had produced a phone call from Buyer in regard to the original October 5 hearing date. Buyer was not an attorney of record in this case, nor did he ever become one, and plaintiff was not required by Supreme Court Rule 11 (Ill. Rev. Stat. 1975, ch. 110A, par. 11) to serve notice of the October 24 hearing upon him. Nor does it appear that plaintiff had any duty to notify

C.N.A. of the hearing. The record before us does not show that plaintiff's failure to defend was a result of excusable mistake.

Defendant also contends this case is one attended by such unfair, unjust and unconscionable circumstances that the default judgment should be vacated even though there was a lack of diligence on its part (*e.g., M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 512, 375 N.E.2d 560, 566). In this regard, defendant argues that plaintiff should have notified Buyer or C.N.A. of the October 24 hearing as a matter of courtesy and also that plaintiff's failure to notify defendant of the judgment until more than 30 days after its entry casts a cloud on the proceedings which this court may consider when determining the sufficiency of the section 72 petition (*e.g., Lammert*, 46 Ill. App. 3d 667, 676, 360 N.E.2d 1355, 1362). ■■ Defendant was properly notified of the October 24 hearing, as we have stated, and plaintiff's failure to expeditiously notify it of the default judgment does not justify vacating that judgment in the absence of other circumstances suggesting unfair or unconscionable conduct (see *Houston v. Churchill* (1968), 100 Ill. App. 2d 56, 241 N.E.2d 560, and cases cited therein).

In view of defendant's failure to show that it exercised due diligence in defending against plaintiff's suit, we believe the trial court abused its discretion in vacating the default judgment. In light of this determination, we need not address plaintiff's further contentions that defendant did not show a meritorious defense to the lawsuit or the exercise of due diligence in seeking relief after it learned of the default judgment. The order of the trial court vacating the default judgment is reversed and the cause remanded with directions that the judgment in favor of plaintiff be reinstated.

Reversed and remanded with directions.

LINDBERG and SEIDENFELD, JJ., concur.