LEO FORNELLI et al., Plaintiffs-Appellants, v. MICHAEL CENTANNE, Defendant-Appellee.

First District (2nd Division)    Nos. 79-201, 79-330 cons.

Opinion filed September 25, 1979.

Judge, Drew, Cipolla, & Kurnik, Ltd., of Chicago (William W. Kurnik and Jay S. Judge, of counsel), for appellants.

Elliott, Carrane, Freifeld & Uruba, of Chicago (Robert A. Carrane, of counsel), for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs appeal from an order granting defendant's petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), which set aside a default judgment for plaintiffs in a forcible entry and detainer action involving commercial premises. Plaintiffs contend that (1) defendant totally failed to exercise due diligence in preventing entry of the default judgment; (2) the record does not establish that the default judgment was attended by unfair, unjust or unconscionable circumstances; and (3) defendant did not meet his burden of proving the existence of a meritorious defense and the exercise of due diligence before and after entry of the default judgment.

Plaintiffs filed their forcible entry and detainer action in the circuit court of Cook County on April 5, 1978, alleging that, as the beneficial owners of a land trust, they leased property to defendant and were entitled to possession because a portion of the rent due from September 1, 1976, through January 1, 1978, was owing and had not been paid. In an additional count, plaintiffs claimed possession on the ground that defendant had affixed to the property a canopy or awning containing words and printing, "Real Estate Store," contrary to a provision in the lease which was attached as an exhibit to the complaint.

The record shows that defendant was personally served with summons on August 10, 1978. Thereafter, the court file was apparently "lost" and on September 5, 1978, the court ordered its restoration. On

September 13, 1978, a default judgment was entered against defendant. Plaintiffs were awarded a money judgment of $680 and possession of the premises. No notice of the default judgment thus obtained was sent to defendant. The writ of restitution was ordered stayed 14 days. On October 12, 1978, the writ of restitution issued, but execution was later stayed until further order of court.

On October 31, 1978, defendant filed a verified petition under section 72. The affidavit of defendant stated that: on August 18, 1978, after being served with summons, he went to the sixth floor of the Daley Center and looked in the return date book to find the room in which his case would be heard, but the book was blank; a clerk at the counter advised him there was no file and, until the file was located, a court date could not be assigned; from time to time he returned to the Daley Center and looked in the return book, but found no entry had ever been made in this book, and, in confirmation, copies of the pages of the return book were attached as an exhibit; and he received no notice of the September 13, 1978, court date.

Defendant also asserted he had a meritorious defense and had acted promptly upon receiving the writ of restitution dated October 11, [*sic*] 1978, by retaining counsel to find the file. On October 31, defendant also filed an answer, verified on October 27, 1978, alleging that the rent plaintiffs claimed was not due and this issue was adjudicated in another lawsuit; the canopy was affixed to the premises prior to the time plaintiffs purchased the property; plaintiffs accepted the property in the condition in which they found it; the awning was not of a permanent character or nature; and, although the canopy was installed in April of 1977, defendant received no notification from plaintiffs until April of 1978 that it was in violation of the lease.

In response, plaintiffs filed the affidavit of their counsel, who described the following events which bear upon the issue of trial date notice. After the file had been recreated by order of court, a clerk employed in his office informed him of a trial date of September 13, 1978. On September 7, 1978, counsel drafted and mailed a certified letter to defendant advising him of the date, time and place of the trial, but the certified letter was returned "refused" by the post office. On September 11, 1978, defendant telephoned counsel, who told defendant the certified letter concerned the trial date in the suit. Defendant said he did not wish to have the information contained therein unless it could be "off the record." Counsel told defendant anything he was told would be "on the record." Defendant then said he did not wish to be informed of the letter's contents and counsel concluded his conversation with defendant. Attached to counsel's affidavit is a document represented to be a copy of

the return date book for September 6, 1978, showing the case was set for trial on September 13, 1978.

■■ A petition under section 72 of the Civil Practice Act is addressed to the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances. A petitioner's diligence is an equally strong factor to be considered. (*Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527.) Whatever diligence may be said to have been demonstrated by the present defendant in not ignoring the summons served upon him, and in going to the courthouse on more than one occasion and attempting to ascertain the date when his case would be heard, it is substantially diminished by his refusal to accept the letter containing the very information he was seeking and his refusal to permit plaintiffs' counsel to advise him "on the record" of the letter's advice of the trial date during a telephone conversation which followed. (See *Capitani v. Miller* (1979), 68 Ill. App. 3d 702, 386 N.E.2d 96.) Defendant thus deprived himself of the information which would have enabled him to proceed to a trial on the merits. He cannot at the same time "hold with the hares while running with the hounds." Defendant's conduct in this regard should be neither condoned nor encouraged.

■■ A mitigating factor, however, is that the court file was missing, as also shown by the affidavit of plaintiffs' counsel and confirmed by the records of the trial court, since on September 5, 1978, the court entered an order to restore the lost file. From the file, defendant could have verified the trial date assigned. Further, execution was delayed until 30 days after the default judgment was entered. Defendant acted promptly thereafter by filing a verified section 72 petition within 3 weeks. Also to be noted with respect to defendant's diligence following the default is that plaintiffs failed to notify him of this development, which, although standing alone does not sanction section 72 relief, nevertheless adds a dimension to plaintiff's vulnerability to the section 72 motion. (*Houston v. Churchill* (1968), 100 Ill. App. 2d 56, 59, 241 N.E.2d 560; *cf. Hunt v. General Improvements, Inc.* (1977), 48 Ill. App. 3d 421, 362 N.E.2d 1143.) Under the totality of these circumstances, we are unable to find that the trial court abused its discretion in finding that defendant's actions constituted inexcusable neglect sufficient to prevent relief under section 72. *Reich v. Breed* (1979), 70 Ill. App. 3d 838, 388 N.E.2d 994.

■■ We also consider that the answer filed by defendant, although apparently without leave of court, demonstrated the existence of a meritorious defense. According to defendant's answer, no rent was in fact owing, because the issue had been decided in another lawsuit and presumably was *res judicata.* In addition, the second count of the

complaint concerning the canopy and sign involved the construction of a paragraph in the lease, together with several factual allegations of defendant, which might have defeated this claim. See *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833.

From the foregoing, we conclude the trial court did not abuse its discretion in vacating the default judgment and setting the cause for trial.

Affirmed.

DOWNING and PERLIN, JJ., concur.